# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **SOUTH GATE APARTMENTS LLC,** | )<br>)<br>) |
| Plaintiff, | )<br>) **CIVIL ACTION NUMBER:**<br>) |
| v. | ) **Removed from the Circuit Court of**<br>) **Tuscaloosa County, Alabama,**<br>) **Civil Case No:** |
| **MIDLAND STATES BANK, and DWIGHT CAPITAL, LLC,** | ) **63-CV-2024-900518.00**<br>)<br>) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Dwight Capital, LLC ("Dwight Capital"), pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, gives notice of the removal of this action from the Circuit Court of Tuscaloosa County, Alabama, where it is currently pending, to the United States District Court for the Northern District of Alabama, Western Division. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this removal, Dwight Capital states as follows:

### INTRODUCTION

1. Plaintiff South Gate Apartments, LLC ("South Gate") filed this action on June 5, 2024, by filing a Complaint against Defendants Dwight Capital and

1

Midland States Bank in the Circuit Court of Tuscaloosa County, Alabama, Case Number 63-CV-2024-900518.00. *See* Complaint, attached as part of Exhibit A.

2. In accordance with 28 U.S.C. § 1446(a), a copy of all pleadings, processes, and orders in the state-court action are attached as Exhibit A.

3. Pursuant to 28 U.S.C. § 1446(d), Dwight Capital will promptly give written notice of this Notice of Removal to Plaintiff's counsel and will file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Tuscaloosa County, Alabama, where this action is currently pending.

4. In this breach of contract action, Plaintiff alleges that it was improperly charged an "Exit Fee" in connection with its refinancing of a loan originally issued by Defendant Midland States Bank. Ex. A, Compl. ¶¶ 69-72. Plaintiff's two-count Complaint asserts claims for breach of contract against Midland States Bank and Dwight Capital. *Id*. at Counts I–II. Plaintiff seeks $361,234.47 in damages plus interest at a rate of 7.5% per annum. *Id.* ¶ 64.

**GROUNDS FOR REMOVAL**

**I. Removal is proper because this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332(a) and 1441.**

5. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the district

courts of the United States have original jurisdiction under 28 U.S.C. § 1332(a), which confers jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and the parties are from different states. This case satisfies both requirements: there is complete diversity of citizenship between all properly joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

    **A.    There is complete diversity of citizenship between the parties.**

    6.    There is complete diversity of citizenship because this action involves "citizens of different States." 28 U.S.C. § 1332(a).

    7.    Defendant Dwight Capital is a limited liability company with three members. As a limited liability company, for purposes of diversity jurisdiction, Dwight Capital is deemed a citizen of each state in which each of its members is a citizen. All three of its members are trusts, and the trustees and beneficiaries of each trust are citizens of Florida and Israel. For purposes of diversity jurisdiction, Dwight Capital is a citizen of Florida and Israel.

    8.    On information and belief, Defendant Midland States Bank is an Illinois banking corporation with its principal place of business in Illinois. *See* Ex. A, Compl. ¶ 2. For purposes of diversity jurisdiction, Defendant Midland States Bank is a citizen of Illinois.

9. On information and belief, Plaintiff South Gate is an Alabama limited liability company with its principal place of business in Alabama. *See* Ex. A, Compl. ¶ 1. On information and belief, South Gate is a citizen of Alabama, and is not a citizen of Florida, Israel, or Illinois.

10. Plaintiff does not share citizenship with any defendant, so this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1).

**B.  The amount-in-controversy requirement is satisfied.**

11. The amount-in-controversy requirement for this Court to exercise diversity jurisdiction is satisfied here because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

12. Removal is proper when it is "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). To make that determination, courts can "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id*. at 1061–62 (citation omitted). Likewise, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062; *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) ("[W]hen the complaint seeks damages

4

exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed.").

13.  Plaintiff's allegations show that the amount in controversy is satisfied here. In the Complaint, Plaintiff affirmatively alleges that it was improperly charged an exit fee of $361,234.47 and that it is owed that amount plus interest at the judgment rate of 7.5%, which Plaintiff contends amounts to a per diem amount of $74.23 every day since October 17, 2022. Ex. A, Compl. ¶ 64. Dwight Capital can rely on Plaintiff's allegations that it has incurred more than $361,234.47 in damages to establish that the amount-in-controversy is met. [1]

## II. Dwight Capital has satisfied the procedural requirements for removal.

14.  In addition to satisfying the requirements of diversity jurisdiction, Dwight Capital has satisfied all other requirements for removal.

15.  Removal is timely under 28 U.S.C. § 1446(b)(1) because fewer than 30 days have passed since Dwight Capital was served with the Summons and Complaint. Dwight Capital was served on June 8, 2024. *See* Summons, included in Exhibit A.

---

[1] Dwight Capital denies liability and denies that Plaintiff is entitled to recover damages from it. But for removal purposes, the Plaintiff's "likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much [the plaintiff is] ultimately likely to recover." *Farris v. Stryker Corp.*, No. 2:19-cv-00187-RDP, 2019 WL 1979451, at *3 (N.D. Ala. May 3, 2019) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).

16. In accordance with 28 U.S.C. § 1446(a), Dwight Capital attaches a copy of all pleadings, processes, and orders filed in the state-court action and served on them. *See* Ex. A. Dwight Capital has also attached a copy of the docket report from the state-court action. *See id.*

17. Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embrace the Circuit Court of Tuscaloosa County, Alabama, the forum in which the removed action was pending, *see* 28 U.S.C. § 81.

18. None of the defendants are citizens of the State of Alabama, the state where this action was brought. *See* 28 U.S.C. § 1441(b).

19. In accordance with 28 U.S.C. § 1446(d), Dwight Capital will promptly provide written notice of the filing of this Notice of Removal to Plaintiff's counsel and will file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Tuscaloosa County, Alabama, where this action is currently pending. The Notice of Filing of Notice of Removal is attached as Exhibit B.

20. All properly joined and served defendants have consented to this removal.

21. By filing this Notice of Removal, Dwight Capital does not waive any objections to service, jurisdiction, venue, or any other defenses or objections it may have.  Dwight Capital reserves all rights, defenses, motions, and pleas.

**WHEREFORE**, Defendant Dwight Capital gives notice that the matter bearing Case Number 63-CV-2024-900518.00 in the Circuit Court of Tuscaloosa County, Alabama, is removed to the United States District Court for the Northern District of Alabama, Western Division, and request that this Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted this the 8th day of July, 2024.

*s/ Riley McDaniel*
Riley McDaniel
Zachary A. Madonia
Rachel M. Sims
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
rmcdaniel@bradley.com
zmadonia@bradley.com
rsims@bradley.com
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

*Attorneys for Defendant Dwight Capital, LLC*

## CERTIFICATE OF SERVICE

I hereby certify on this the 8th day of July, 2024, a true and correct copy of the foregoing was served on the following counsel of record by U.S. Mail:

Robert P. Reynolds
William E. McCartney
REYNOLDS, REYNOLDS & LITTLE, LLC
Post Office Box 2863
Tuscaloosa, Alabama 35403-2863

                                              *s/ Riley McDaniel*
                                   *One of the Attorneys for Defendant*
                                                *Dwight Capital, LLC*